**Phillip OZDEMIR, Plaintiff–Appellant,**

v.

**SOMERSET MEDICAL CENTER, Somerset Health Care Corporation, Board of Directors of the Somerset Health Care C, John and Jane Does 1–100, Defendants–Appellees.**

**No. 07–3401–cv.**

United States Court of Appeals, Second Circuit.

Feb. 17, 2009.

Phillip Ozdemir, pro se.

Gabrielle Mardany Hope, Smith Sovik, Kenrick & Sugnet, P.C., Syracuse, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN,* District Judge.

---

* Honorable Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff–Appellant Phillip Ozdemir, proceeding *pro se*, appeals a July 5, 2007 judgment of the District Court granting summary judgment to defendants in plaintiff's action asserting a bystander claim for negligent infliction of emotional distress under New Jersey law.[1] *See Ozdemir v. Somerset Medical Center*, 3:02–cv–1600 (N.D.N.Y. July 5, 2007) (judgment). On appeal, plaintiff argues that the District Court erred in granting summary judgment because plaintiff had standing to bring a claim for negligent infliction of emotional distress and, in any event, the question whether he had standing to bring the claim was an issue of fact that should have been decided by a jury. Plaintiff also contends that the District Court erred in denying a discovery request. We assume the parties' familiarity with the facts and procedural history of the case.

Plaintiffs claims are without merit. The District Court did not err in granting summary judgment because plaintiff did not establish that he was married to or lived with the alleged victim at the time of her death. *See Dunphy v. Gregor*, 136 N.J. 99, 100, 642 A.2d 372 (1994) (extending standing in negligent infliction of emotional distress cases to "persons engaged to be married and living together"). Nor did the District Court err in denying plaintiff's discovery request. Accordingly, the July 5, 2007 judgment of the District Court is AFFIRMED, substantially for the reasons stated by Chief Judge Mordue in his careful and thoughtful decision and order of July 3, 2007. *See Ozdemir v. Somerset Medical Center*, 3:02–cv1600, 2007 WL 1988731 (N.D.N.Y. July 3, 2007).

---

1. The District Court's jurisdiction arose from the parties' diversity of citizenship. *See* 28 U.S.C. § 1332.